IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN B. SNYDER, M.D., P.A., *et al.*,   *

    Plaintiffs,   *

v.   *   Civil Action No. RDB-18-2049

CYNOSURE, INC.,   *

    Defendant.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Dr. Steven B. Snyder ("Snyder") and Dermatology Laser Center & Medispa (collectively, "Plaintiffs") bring this action against Defendant Cynosure, Inc. ("Cynosure") based on the purchase of a medical device from Cynosure that uses laser technology to remove tattoos. (Compl., ECF No. 5.) Plaintiffs allege that Cynosure made false and misleading representations in their sales literature, and the device does not remove tattoos as represented. (*Id.*) Initially, in 2015, Plaintiffs joined a purported class action lawsuit in Illinois against Cynosure, but they were dismissed from the case for lack of personal jurisdiction in January 2018. (*Id.* at ¶ 43; *see also LDGP, LLC v. Cynosure, Inc.*, Case No: 15 C 50148, 2018 WL 439122 (N.D. Ill. Jan. 16, 2018).) Plaintiffs then filed the instant lawsuit in the Circuit Court for Baltimore County, Maryland on May 11, 2018. (Compl., ECF No. 5.) The Defendant timely removed the case to this Court on July 6, 2018 based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.[1] (Removal Notice, ECF No. 1.)

---

[1] Plaintiffs are Maryland residents; Defendant is a Delaware corporation with its principle place of business in Massachusetts. (Compl. ¶¶ 1-3, ECF No. 5.)

Currently pending before this Court is Defendant Cynosure, Inc.'s Motion to Dismiss (ECF No. 14). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, Cynosure's motion is GRANTED, and Plaintiffs' Complaint shall be DISMISSED. Counts I and IV shall be DISMISSED WITH PREJUDICE, and Counts II and III shall be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). This case arises out of Plaintiffs' purchase of the PicoSure© Picosecond Aesthetic Workstation ("PicoSure") for use at Snyder's dermatology practice in Baltimore County, Maryland. (Compl. ¶ 5, ECF No. 5.) Cynosure markets the PicoSure for use in dermatology for laser removal of tattoos and benign pigmented lesions. (*Id.* at ¶ 18.) Plaintiffs allege that Cynosure used "fake pictures" in its advertising, "Photoshopped" the "before and after" photographs, and made false and misleading representations about the lasers' performance. (*Id.* at ¶¶ 24-26.) The pricing of the product was significantly higher than other lasers on the market, allegedly based on superior quality, but was not effective at removing tattoos. (*Id.* at ¶¶ 22, 30.) Cynosure also markets and sells the PicoSure Focus Lens Array ("Focus Lens") for use with the PicoSure to improve the look and appearance of skin, reducing or removing scars and wrinkles. (*Id.* at ¶¶ 29, 38.)

Plaintiffs allege that Cynosure knew that the representations it was making were false and misleading and made them to induce and entice Plaintiffs into purchasing the PicoSure and Focus Lens. (*Id.* at ¶¶ 31, 33.) Plaintiffs state that they relied upon Cynosure's representations when they purchased the products. (*Id.* at ¶¶ 33-34.) The promotional material was also supplied to Plaintiffs' customers, which resulted in false expectations that were ultimately disappointing because actual performance was worse than the older, less expensive lasers could achieve. (*Id.* at ¶¶ 35-39.) Consequently, Plaintiffs' customers requested refunds and Plaintiffs lost substantial money by refunding money for treatments that did not work. (*Id.* at ¶ 39.) When Plaintiffs complained to Cynosure about the problems with the PicoSure, Cynosure represented that the problems were unique to Plaintiffs, and other doctors were experiencing results consistent with Cynosure's representations. (*Id.* at ¶ 40.) Cynosure sent its employees to Plaintiffs' practice to repair and service the products, but the products never performed as Cynosure had represented. (*Id.*)

In June 2015, a Complaint was filed against Cynosure in the United States District Court for the Northern District of Illinois for fraud and misrepresentations regarding the PicoSure. (*Id.* at ¶ 43, citing *LDGP, LLC v. Cynosure, Inc.*, Case No: 15 C 50148 (N.D. Ill.).) Plaintiffs learned about the lawsuit in July 2015 and became aware that other doctors were experiencing the same issues and problems. (*Id.* at ¶ 43.) Plaintiffs joined the purported class action but were dismissed in January 2018 with all other nonresident Illinois plaintiffs, because the Court lacked personal jurisdiction over the claims of the nonresident plaintiffs. (*Id.* at 44; *LDGP, LLC v. Cynosure, Inc.*, Case No: 15 C 50148, 2018 WL 439122 (N.D. Ill.).)

The instant lawsuit was then filed in the Circuit Court for Baltimore County, Maryland on May 11, 2018, including four causes of action: (1) Count I – Negligent Misrepresentation; (2) Count II – Intentional Misrepresentation – Fraud; (3) Count III – Intentional Misrepresentation – Concealment/Nondisclosure; (4) Count IV – Breach of Express Warranty. (Compl., ECF No. 5.) Cynosure timely removed the case to this Court on July 6, 2018 and filed the instant motion to dismiss on August 6, 2018. For the following reasons, Cynosure's motion will be GRANTED, and Plaintiffs' Complaint will be DISMISSED.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations."

*Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678 ; *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). Legal conclusions drawn from those facts, however, are not afforded such deference. *Iqbal*, 556 U.S. at 678.

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555-56. However, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." Fed. R. Civ. P. 9(b). The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1074 (D. Md. 1991). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). As the United States Court of Appeals for the Fourth Circuit stated in *United States ex rel. Nathan v. Takeda Pharms. North America, Inc.*, 707 F.3d 451 (4th Cir. 2013), the aims of Rule 9(b) are to provide notice to defendants of their alleged misconduct, prevent frivolous suits, eliminate fraud actions where all the facts are learned after discovery, and protect defendants from harm to their goodwill and reputation. 707 F.3d at 456 (citation omitted).

## ANALYSIS

Cynosure contends that under Maryland law,[2] the Purchase Agreement (ECF No. 14-4) contains an express disclaimer of warranty, the tort claims are subsumed under the contract, the economic loss doctrine forecloses negligence claims seeking only economic damages, and the intentional misrepresentation claims are not pled with particularity as required under Fed. R. Civ. P. 9(b). (Mot. Mem. 1-2, ECF No. 14-1.) Cynosure seeks dismissal of all claims, or in the alternative, seeks dismissal of Plaintiffs' damages claims for lost profits and revenue as

---

2   Although the Purchase Agreement (ECF No. 14-4) contains a Massachusetts choice-of-law and forum selection clause noting Boston, Massachusetts as the selected court, Defendant has represented to this Court that it has chosen not to enforce the clause. The parties agree that Maryland law will apply to this case, and that venue is proper in this Court.

barred by the Purchase Agreement. (*Id.* at 12.) Each cause of action shall be addressed in turn.

I. **Count I – Negligent Misrepresentation**

To state a claim for negligent misrepresentation under Maryland law, a plaintiff must show that:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Lloyd v. General Motors Corp.*, 916 A.2d 257, 273 (Md. 2007). "Importantly, a claim of negligent misrepresentation under Maryland law does not contain an essential showing of fraud and thus the heightened pleading requirements of Rule 9(b) do not apply." *Baltimore Cty. v. Cigna Healthcare*, No. 06-1877, 238 F. App'x 914, 921 (4th Cir. June 5, 2007) (citing *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005)); *see also Malinowski v. The Lichter Group, LLC*, 165 F. Supp. 3d 328, 338 (D. Md. 2016) ((not applying a heightened standard to the plaintiff's negligent misrepresentation claim).

Cynosure contends that the economic loss doctrine forecloses this negligence claim because Plaintiffs seek only economic and not personal injury damages. (Mot. Mem. 9-10, ECF No. 14-1.) In response, Plaintiffs contend that this Court should not consider the economic loss doctrine because it is an affirmative defense that is not properly considered

under a dismissal motion, and the exceptions to the doctrine require a factual inquiry. (Pls.' Resp. 9-10, ECF No. 15-1.) Although a dismissal motion "does not generally invite an analysis of potential defenses to the claims asserted in the complaint," a court may consider defenses "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Eastern Shore Markets*, 213 F.3d at 185. Plaintiffs alternately argue that the contract between the parties is sufficient to create the required privity to overcome the economic loss doctrine. (*Id.* at 10-11.)

Generally, Maryland does not permit recovery in tort for purely economic losses. *See, e.g., Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 155 A.3d 445, 451 (Md. 2017 ("In Maryland, the economic loss doctrine bars recovery when the parties are not in privity with one another or the alleged negligent conduct did not result in physical injury or risk of severe physical injury or death."); *U.S. Gypsum Co. v. Mayor & City Council of Baltimore*, 647 A.2d 405, 410 (Md. 1994) ("Tort recovery for purely economic losses has ordinarily not been allowed. Instead, a purchaser suffering only economic loss because of a defective product will normally be limited to contract causes of action . . . ."). Where the alleged tortfeasor is under a duty of care *independent* of any contractual obligations, however, the economic loss rule does not bar recovery. *Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045, 1068-69 (Md. Ct. Spec. App. 2002) (emphasis added). "For claims of economic loss based on negligent misrepresentation, the injured party must demonstrate it had an 'intimate nexus' relationship with the defendant in order to establish that the defendant owed a duty to the injured party." *Balfour*, 130 A.3d at 1046.

Plaintiffs cite *Moczulski v. Ferring Pharms., Inc.* as authority to support the contention that the "contract alone is sufficient to overcome Defendant's reliance on the economic loss doctrine." (Pls.' Resp. 11, ECF No. 15-1 (quoting CIVIL NO. JKB-18-1094, 2018 WL 3496433, at *4 (D. Md. 2018)).) Cynosure distinguishes *Moczulski* on the basis that the plaintiff in that case alleged both contractual privity *and* physical injury, and in this case, no physical injury has been pled. (Def.'s Reply 3, ECF No. 16.) Moczulski's claim for negligent misrepresentation survived dismissal because she sufficiently alleged noneconomic injuries, including physical injury, not merely because she alleged that the parties had entered into a contract. *Moczulski*, 2018 WL 3496433, at *4.

Maryland courts have long emphasized that to establish the first element of a negligent misrepresentation claim, a plaintiff must allege a duty that is independent of any contractual obligation. *See, e.g., Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.*, 991 F.2d 94, 98 (4th Cir. 1992) ("Maryland law holds that a claim for negligent misrepresentation is improper when, as here, the only relationship between the parties is contractual, both parties are equally sophisticated, and the contract does not create an express duty of due care in making representations."); *Cooper*, 810 A.2d at 1068-69 (finding that the economic loss rule did not bar the negligent misrepresentation claim because the insurance agents owed an independent duty to the insureds); *Mowbray v. Zumot*, 533 F. Supp. 2d 554, 561 (D. Md. 2008) (holding that plaintiff failed to establish the kind of "special relationship" or "intimate nexus" that triggers an independent, non-contractual duty of care). It is also well established that "[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that

arising out of the contract itself, is not enough to sustain an action sounding in tort." *Blondell v. Littlepage*, 991 A.2d 80, 94 (Md. 2010); *Heckrotte v. Riddle*, 168 A.2d 879, 882 (Md. 1961).

As recently stated by the Court of Special Appeals of Maryland:

> The economic loss doctrine, which developed in product liability cases, prohibits a plaintiff from recovering tort damages for what in fact is a breach of contract. So, a plaintiff in a product liability action alleging that a product is defective cannot recover tort damages for "the loss of value or use of the product itself, and the cost to repair or replace the product."

*Cash & Carry America, Inc. v. Roof Solutions, Inc.*, 117 A.3d 52, 60, 223 (Md. Ct. Spec. App. 2015). In this case, Plaintiffs have failed to allege that Cynosure owed them an independent duty of care that would allow them to recover under a tort claim. For this reason alone, dismissal of the negligent misrepresentation claim is appropriate.

Accordingly, this Court shall DISMISS Count I WITH PREJUDICE.

## II. Counts II and III – Intentional Misrepresentation

Cynosure notes that courts in this district have also recognized that the principles underlying the economic loss doctrine apply with equal force to both negligent and intentional misrepresentation claims. (Mot. Mem. 10 n.3, ECF No. 14-1 (citing cases).) Although persuasive, this Court need not reach that issue because Plaintiffs' claims are not adequately pled.

The circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments."

*Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). To recover for a claim of fraud or intentional misrepresentation under Maryland law:

> a plaintiff must allege five elements with particularity: (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result.

*Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013) (quoting *Thompson v. Countrywide Home Loans Servicing, L.P.*, No. L–09–2549, 2010 WL 1741398, at *3 (D. Md. Apr. 27, 2010)); *see also SpinCycle, Inc. v. Kalender*, 186 F. Supp. 2d 585, 590 (D. Md. 2002) (citing *Alleco, Inc. v. Harry & Jeannette Weinberg Found., Inc.*, 665 A.2d 1038, 1047 (Md. 1995)).

Plaintiffs point to allegations related to how Cynosure advertised and marketed the PicoSure as "a revolutionary laser that erases tattoos faster, with better clearance of tattoos in fewer treatments", "capable of effectively removing black and dark pigment tattoos more effectively in less treatments compared with other lasers on the market, and statements such as "Changing dermatology forever," "Unprecedented innovation in laser technology," "Unmatched photomechanical impact for better clearance with fewer treatments," etc. in "written advertisements, flyers, brochures, product inserts, press releases, public statements, on its website, via email, and verbally by and through its agents and employees." (Compl. ¶¶ 23-24, ECF No. 5.) Plaintiffs allege that these statements were false and misleading. (*Id.* at ¶ 24.)

Plaintiffs also allege that Cynosure "used fake pictures of tattoos purported to have been treated and removed using the PicoSure" on "brochures, advertisements, flyers, its website, YouTube videos, Webcasts, seminars, and other promotional materials." (*Id.* at ¶ 25.) Plaintiffs allege that the "before and after" pictures were "Photoshopped," and Cynosure did not disclose that the pictures were "Photoshopped." (*Id.* at ¶¶ 25-28.) Plaintiffs add that "Cynosure's agents and employees expressly represented to Plaintiffs that the number of treatments required to remove a tattoo using the PicoSure was half of the number of treatments needed using other. lasers." (*Id.* at ¶ 26.) Plaintiffs contend that these allegations state with sufficient particularity to meet the heightened pleading standard as well as fulfill the purposes of Rule 9(b).[3] (Pls.' Resp. 12, ECF No. 15-1.)

While Plaintiffs have pled many specific statements that they allege are false, there are no dates, places, or times alleged. Plaintiffs state that "other express representations" were made, but not to whom, by whom, or when. Almost every statement is alleged to have been in an advertisement or marketing medium, but there are no statements to indicate when or where they were seen or who saw them, and more importantly, how they were relied upon. Plaintiffs state only that "Plaintiffs relied upon Cynosure's false representations about the PicoSure and Focus Lens . . . and purchased the PicoSure and Focus Lens based upon

---

3     Plaintiffs add that the allegations are sufficient to fully enable Defendant to prepare a defense, which is "especially true as the allegations raised in this action are identical to the allegations raised in the Illinois Litigation." (Pls.' Resp. 12, n. 49, ECF No. 15-1.) This Court notes, however, that the Illinois case was not cited as having survived a dismissal motion for failure to state a claim, rather Plaintiffs were dismissed for lack of personal jurisdiction. *LDGP, LLC v. Cynosure, Inc.*, Case No: 15 C 50148, 2018 WL 439122 (N.D. Ill. Jan. 16, 2018). The Illinois Court noted in that decision that the Negligent Misrepresentation claim had been earlier dismissed; it was barred under the economic loss doctrine under Illinois, Texas, Delaware, and Massachusetts state laws. *Id.*; Order, August 17, 2016, ECF No. 82 in Case No. 15 C 50148.

Cynosure's false representations." (Compl. ¶ 33-34, ECF No. 5.) This is not meaningfully specific. "Reasonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud, and such reliance must be pleaded with particularity." *Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987). The Complaint contains no factual allegations that would support Plaintiffs' claim that such reliance was reasonable. Further, to the extent that the alleged statements were promises of future performance, a "breach of a promise to render a performance in the future is redressable only by an action in contract." *Id.* at 546.[4]

There is simply insufficient particularity in Plaintiffs' allegations for Counts II and III to survive this dismissal motion. This Court shall DISMISS Counts II and III WITHOUT PREJUDICE.

### III. Count IV – Breach of Express Warranty

Under Maryland law, to state a claim for breach of express warranty, a plaintiff must allege: "(1) a warranty existed; (2) the product did not conform to the warranty; and (3) the breach proximately caused the injury or damage." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 223 (4th Cir. 2009) (quoting *SpinCycle, Inc. v. Burcin Kalender*, 186 F. Supp. 2d 585, 589 (D. Md. 2002)). An "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Md. Code Ann., Com. Law § 2-313(1)(a). "To establish an express warranty by affirmation, promise, description or sample,

---

[4] Of course, it is also settled law in Maryland, that "[a] promissory representation made with an existing intention not to perform is actionable for fraud." *Learning Works*, 830 F.2d at 546 (quoting *Sims v. Ryland Group, Inc.*, 378 A.2d 1, 2 (Md. 1977)).

13

the representation must form the basis of the bargain." *Thomas v. Ford Motor Credit Co.*, 429 A.2d 277, 283 (Md. Ct. Spec. App. 1981) (citing Md. Code Ann., Com. Law § 2-313).

Plaintiffs allege that Cynosure made express representations, promises, and statements of fact that represent express warranties. (Compl. ¶ 72, ECF No. 5.) Plaintiff alleged specific examples of promotional statements made in brochures and flyers, on the website, and generally "in oral statements by agents and employees." (*Id.* at ¶ 73.) They also allege that the products did not perform as Cynosure had represented, and that they suffered damages as a result. (*Id.* at ¶¶ 77-80.) Missing are plausible allegations of "affirmations of fact." There are also no plausible factual allegations that the promotional statements in the sales literature or any specific oral representations became the basis of the bargain. A conclusory statement such as "Cynosure's representations about the products' performance were a part of the basis for Plaintiff's purchase of the products" is insufficient. (*Id.* at ¶ 75.) There are no allegations of terms and conditions that formed the alleged express warranty that Cynosure made to Plaintiffs. Notably, Plaintiffs do not mention the warranty contained in the Purchase Agreement.

Plaintiffs purchased the PicoSure and Focus Lens from Cynosure pursuant to a Purchase Agreement.[5] (ECF No. 14-4.) The Purchase Agreement contains a limited one-year warranty provision, which limits remedies to repair or replacement of defective parts, expressly

---

5     The Court may consider the Purchase Agreement on a motion to dismiss because it is integral to Plaintiffs' claims, and Plaintiffs do not contest its authenticity. *See Goines*, 822 F.3d at 166; *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

disclaims any other warranties, and includes an integration clause. (*Id.*) It states, in pertinent part, set apart in uppercase:

> THE OBLIGATIONS OF CYNOSURE, INC., UNDER THIS WARRANTY ARE LIMITED, IN ITS EXCLUSIVE OPTION, TO REPAIR OR REPLACE PARTS AND MATERIALS WHICH PROVE TO BE DEFECTIVE.
>
> . . . .
>
> THE FOREGOING WARRANTY IS THE SOLE AND EXCLUSIVE WARRANTY OBLIGATION OF CYNOSURE, INC., AND THE REMEDY PROVIDED ABOVE IS IN LIEU OF ANY AND ALL OTHER REMEDIES. THERE ARE NO OTHER AGREEMENTS, GUARANTEES, OR WARRANTIES, ORAL, WRITTEN, EXPRESSED, IMPLIED, OR STATUTORY, INCLUDING, WITHOUT LIMITATION TO, WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. CYNOSURE, INC., SHALL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES DUE TO ANY CAUSE WHATSOEVER. THE PURCHASER AGREES THAT CYNOSURE'S LIABILITY IS SO LIMITED.

(*Id.*)

Plaintiffs argue that the warranty disclaimer is not enforceable as "boilerplate," which presents a question of fact that goes to the merits of the case, not the sufficiency of the pleading. (Pls.' Resp. 6, ECF No. 15-1.) Plaintiffs contend that general disclaimers of all warranties such as existed in the Purchase Agreement are inoperative under Md. Code Ann., Com. Law § 2-313-317. (*Id.* at 7-9.) However, Maryland law recognizes a party's ability to disclaim both express and implied warranties that are not specifically agreed to in the relevant contract. *See Dowty Commc'ns. Inc. v. Novatel Computer Sys. Corp.*, 817 F. Supp. 581, 584 (D. Md. 1992) (citing Md. Code Ann., Com. Law. § 2-316); *Boatel Indus., Inc. v. Hester*, 550 A.2d 389, 397 (Md. Ct. Spec. App. 1988). Further, to exclude or modify implied warranties of

merchantability, the language must mention merchantability and be conspicuous. *Boatel*, 550 A.2d at 397 (citing Md. Code Ann., Com. Law. § 2-316(2)). Plaintiffs make no contentions that the warranty and disclaimer were either inconspicuous or were not seen. Additionally, since Plaintiffs do not suggest that they were unaware of the disclaimer and integration clause in the Purchase Agreement, allowing an express warranty claim to be based on language not present in the contract would be inconsistent with the integration clause.

Accordingly, Plaintiffs' express warranty claim shall be DISMISSED WITH PREJUDICE. Since this Court is dismissing all of Plaintiffs claims, it is not necessary to address Cynosure's alternative request to limit damages.

## CONCLUSION

For the foregoing reasons:

1. Defendant Cynosure, Inc.'s Motion to Dismiss (ECF No. 14) is GRANTED.
2. All claims against Defendant are DISMISSED. Counts I and IV are DISMISSED WITH PREJUDICE, and Counts II and III are DISMISSED WITHOUT PREJUDICE.

Dated: March 27, 2019.

_____
Richard D. Bennett
United States District Judge